UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                              )
                                                    )
    VIRGINIA LEE BAIN                           )    Case No. 08-13395-SSM
                                                    )    Chapter 13
                Debtor             )

**MEMORANDUM OPINION AND ORDER**

Before the court is the debtor's motion to extend the time to file the credit counseling certificate required of individual debtors. Because the debtor's circumstances do not fall within the limited instances in which the statute permits waiver of the requirement for credit counseling prior to filing a bankruptcy petition, the court must deny the motion.

Background

Virginia Lee Bain, who according to the motion and schedules is an 80-year old retiree living on social security and a modest pension, filed a voluntary petition in this court on Thursday, June 12, 2008, for adjustment of her debts under chapter 13 of the Bankruptcy Code. With the petition, she filed schedules showing only two creditors: the holder of the deed of trust against her residence and a home owners association. She also filed with her petition a proposed repayment plan under which she would pay the chapter 13 trustee $367 per month for 60 months. From the payments received the trustee would pay the arrears owed to the deed of trust holder in the estimated amount of $19,000, as well as 100 cents on the dollar on unsecured claims. At the time the petition was filed, the debtor had not yet completed the credit counseling required of individual debtors as a condition of filing a bankruptcy case. According to the motion, a

foreclosure sale of the debtor's home was scheduled for the following day, Friday, June 13th, at 9:00 a.m. The debtor first contacted counsel on the afternoon of June 12th, and the petition was filed at 11:12 p.m. that evening through the court's electronic filing system. The motion further represents that because of her age, the debtor needed the assistance of her daughter to complete the credit counseling, which was accomplished on Monday, June 16th. A certificate attesting to the completion of the credit counseling was filed on June 19th.

## Discussion

Among the far-reaching changes made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 is a requirement that individual debtors, within 180 days prior to filing a bankruptcy petition, receive from an approved nonprofit budget and credit counseling agency an individual or group briefing that outlines the opportunities for available credit counseling and that assists the individual in performing a related budget analysis. §109(h)(1), Bankruptcy Code. The requirement may be deferred with respect to a debtor who submits to the court a certification that (1) "describes exigent circumstances that merit a waiver" of the credit counseling requirement; (2) "states that the debtor *requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services . . . during the 5-day period beginning on the date on which the debtor made that request*;" and (3) "is satisfactory to the court." §109(h)(3)(A)(i)-(iii) (emphasis added). The deferment, if granted, is effective for 30 days. §109(h)(3)(B). In addition to deferring credit counseling for up to 30 days, the court has the power to exempt a debtor altogether from the counseling requirement, but only if the debtor is unable to complete the requirement because of

mental incapacity, physical disability, or active military service in a military combat zone. § 109(h)(3)(B).

An impending foreclosure would generally qualify as an exigent circumstance. *In re Childs*, 335 B.R. 623 (Bankr. D. Md. 2005). The problem with the debtor's motion, however, is that it does not show that she requested credit counseling from an approved agency but was unable to obtain it within five days of the request. The mere fact that a foreclosure was scheduled to take place in the interim is not sufficient—a debtor who waits until the last minute to seek counseling will not be exempt unless the agency is so backed up that it cannot provide the counseling within five days of the request. In the absence of a request for counseling services and the inability to receive it within five days of the request, the court cannot grant a deferment no matter how compelling the circumstances might otherwise be and has no choice but to dismiss the case. *In re Watson*, 332 B.R. 740 (Bankr. E.D. Va. 2005).

The court is aware that at least some bankruptcy courts have held that dismissal is not always mandated when a debtor fails to meet the requirements for credit counseling and have held, essentially, that a court has discretion not to dismiss a case in sufficiently meritorious circumstances in order to avoid a manifest injustice. *See, e.g., In re Hess*, 347 B.R. 489 (Bankr. D. Vt. 2006). In *Hess*, the court adopted a totality of the circumstances test that included a consideration of the following factors:

> (1) whether the debtor filed the case in good faith, (2) whether the debtor took all reasonable steps to comply with the statutory requirements, (3) whether the debtor's failure to comply was the result of circumstances that were both extraordinary and beyond the control of the debtor, (4) whether the debtor's conduct meets the minimum requirements of § 109(h), (5) whether any party would be prejudiced by allowing the case to proceed, and (6) whether there are any unique equitable factors that tip the balance in one direction or the other.

347 B.R. at 498. *Hess* was a consolidated opinion issued with respect to two different debtors. The first had actually received credit counseling, but from an agency that had not yet been approved. The second debtor's case had been prematurely filed by mistake while her attorney had been hospitalized. In each case, the court concluded that dismissal of the case would constitute an a manifest injustice and declined to do so. Other courts have either declined to follow *Hess* or have distinguished it. *See, e.g., Clippard v. Bass,* 365 B.R. 131 (W.D. Tenn. 2007); *In re Ruckdaschel*, 364 B.R. 724 (Bankr. D. Idaho 2007); *In re Ginsberg*, 354 B.R. 644 (Bankr. E.D.N.Y. 2006); *In re Duplessis*, 2007 WL 118945 (Bankr. D. Mass. 2007); *In re Dyer*, 381 B.R. 200 (Bankr. W.D.N.C. 2007). Without attempting to enter into an extended discussion or analysis, this court agrees that although the eligibility requirements of § 109(h) may not be jurisdictional, they are also not freely waivable at the court's discretion, but only, if at all, to prevent an abuse of the bankruptcy system, as in *In re Lilliefors*, 379 B.R. 608 (Bankr. E.D. Va. 2007), in which Judge Mayer of this court declined to dismiss a case when a debtor, after certifying that he had met the credit counseling requirement, then changed tack once assets (a $60,000 surplus from a foreclosure sale) became available and sought dismissal of the case on the ground that, after all, he had never followed up by filing the certificate from the credit counseling agency.

In contrast, the present case is not one in which dismissal would constitute an abuse of the bankruptcy system. At the same time, it is far from clear that dismissal promotes the actual goal of the credit counseling requirement, which was to ensure that individual debtors had adequately considered alternatives (such as debt repayment plans or simple paring of expenses and better budgeting) short of bankruptcy. With a foreclosure sale having been scheduled, it is

unlikely that the deed of trust holder would have been amenable to a restructuring of the loan. Assuming the debtor's goal was to keep her home, it is difficult to see how credit counseling could have resulted in any recommendation to her other than the filing of a chapter 13 petition. Since dismissal of the case would be without prejudice, the debtor (having now completed the credit counseling) would be free to immediately refile and to propose exactly the same plan as she has in this case.[1]  How the only two creditors (the mortgage company and the homeowners association) in this case could possibly benefit from a dismissal under these circumstances is a mystery, to say the least.  Nevertheless, the statute is plain, and the court is required to follow it.

## O R D E R

For the foregoing reason, it is

**ORDERED:**

1. The motion to extend the time for filing a certificate of credit counseling is denied.

2. This case is dismissed without prejudice to refiling.


Date: _____          _____
                                     Stephen S. Mitchell
Alexandria, Virginia                 United States Bankruptcy Judge

---

[1] To be sure, if a new case is filed within one year of the dismissal of the present case, the automatic stay will terminate with respect to the debtor 30 days after the filing of the petition unless, within that period, the debtor requests, and the court grants, an extension of the automatic stay based on a finding that the new case was filed in good faith.  *See* § 362(c)(3), Bankruptcy Code.  Few such motions are ever opposed, however, and the vast majority are rather routinely granted.

5

Copies to:

Virginia Lee Bain
26 Wild Plum Court
Stafford, VA 22554
Debtor

Michael Jacob Owen Sandler, Esquire
5252 Cherokee Avenue, Suite 306
Alexandria, VA 22312
Counsel for the debtor

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee